# *EXHIBIT A*

Approved, SCAO

| | | Original - Court | 2nd Copy - Plaintiff |
| | | 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 21-002450-NO Hon.Lita Masini Popke |

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-2953

| Plaintiff's name(s), address(es), and telephone no(s) Decoster, Tara | v | Defendant's name(s), address(es), and telephone no(s). DOLGENCORP, LLC., d/b/a Dollar General |
| Plaintiff's attorney, bar no., address, and telephone no Todd J. Stearn 51496 29829 Greenfield Rd Ste 101 Southfield, MI 48076-2201 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.              | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 2/23/2021 | Expiration date* 5/25/2021 | Court clerk Laverne Chapman |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**
Case No. : **21-002450-NO**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**  **OR**  ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled<br>$ | Fee<br>$ | | Signature |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled<br>$ | Fee<br>$ | Total fee<br>$ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TARA DECOSTER,

        Plaintiff,

v

DOLGENCORP, LLC., d/b/a
DOLLAR GENERAL,

        Defendant.

Case No. 21-    -NO
HON.

_____/

LAW OFFICES OF TODD J. STEARN, P.C.
Todd J. Stearn (P51496)
Attorneys for Plaintiff
29829 Greenfield Road, Ste. 101
Southfield, MI 48076
(248) 744-5000/(248) 744-5002 Fax
todd@tjslawfirm.com
_____/

There is no other civil action between these
parties arising out of the same transaction or
occurrence alleged in this Complaint pending in
this court, nor has any such action been
previously filed and dismissed or transferred
after having been assigned to a judge.

/s/ Todd J. Stearn
Todd J. Stearn (P51496)

## COMPLAINT

NOW COMES the Plaintiff, TARA DECOSTER, by and through her attorneys, LAW

OFFICES OF TODD J. STEARN, P.C., and for her complaint against the above-named Defendant states

unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.      The Plaintiff, TARA DECOSTER, is a resident of the City of Livonia, County of

Wayne and State of Michigan.

21-002450-NO FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    2/23/2021 12:52 PM    Laverne Chapman

LAW OFFICES OF TODD J. STEARN, P.C.

2.      For all relevant times, the above-named Defendant, DOLGENCORP, LLC

(DOLLAR GENERAL) was a duly incorporated corporation and was in possession and control of a

property located at 25441 Grand River Ave., in the City of Redford, County of Wayne and State of

Michigan. The resident agent is CSC-Lawyers Incorporating Service, 601 Abbot Rd., E. Lansing,

MI 48823.

3.      This cause of action occurred in the City of Redford, County of Wayne and State of

Michigan.

4.      The amount in controversy herein exceeds Twenty-Five Thousand Dollars

($25,000.00), exclusive of interest, costs and attorney's fees.

## GENERAL ALLEGATIONS

5.      On or about April 13, 2020, on a property located at 25442 Grand River, City of

Redford, County of Wayne and State of Michigan (hereinafter "the Premises"), the Plaintiff, TARA

DECOSTER, while a business invitee of Defendant, did trip and fall as a direct and proximate

result of a clear plastic hanger on the floor.

6.      Upon information and belief, an employee of Defendant was stocking clothing and

left said hanger on the floor, thereby creating a hazardous situation.

7.      At all times herein mentioned and at the time of the committing of the grievances by

the Defendant and the sustaining of injuries by the Plaintiff as herein alleged, the Defendant was

responsible for maintaining the Premises.

8.      For all relevant times, the Defendant then and there induced the public, specifically

Plaintiff, to believe that the Premises, entrances and approaches thereof, and every part of the said

Premises, were conducted and kept and maintained in a safe and proper condition.

9.      The Defendant knew or should have known of the clear hanger on the floor and the

dangerous condition created by the clear hanger on the floor of the premises.

LAW OFFICES OF TODD J. STEARN, P.C.

2

10.     Defendant knew or should have known that the Plaintiff did not know of the dangerous condition or that Plaintiff would not take steps to protect herself.

11.     At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

12.     The Defendant owed a duty to Plaintiff, and, notwithstanding said duties, Defendant did violate and breach the same in the following particulars:

   a.   Failing to maintain the premises in a safe and reasonable way.
   b.   Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.
   c.   Failing to warn Plaintiff of all reasonably foreseeable dangers;
   d.   Failing to provide notice or warning to the Plaintiff, who was lawfully upon the Premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the Premises;
   e.   Failing to inspect and maintain the Premises in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons who were upon the premises;
   f.   Failing to warn the Plaintiff of the dangerous condition that existed upon the Premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition;
   g.   Failing to hire and employ personnel or staff that would properly maintain the Premises and not allow a dangerous and hazardous condition to remain on the sidewalk;
   h.   Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

13.     As a result of the negligence of the Defendant as aforementioned, Plaintiff sustained injuries, which injuries have caused Plaintiff pain, suffering, disability and mental anguish, to wit:

   a.   Rotator cuff tear with recommendation for surgery;
   b.   Bicep tendinitis;
   c.   Such other injuries as are discovered throughout the course and scope of this case.

14.     Defendant's negligence may have exacerbated a pre-existing condition from which the Plaintiff suffered.

3

15.   As a direct and proximate result of the negligence, and carelessness of the

Defendant, the Plaintiff has sustained injuries which include, but are not limited to:

        a.    lost wages, past and future;
        b.    lost potential for employment promotions and advancements.
        c.    loss due to decreased effectiveness at employment;
        d.    pain, and suffering, past and future, including but not limited to:

                1)    physical pain and suffering;
                2)    mental anguish;
                3)    denial of social pleasure;
                4)    embarrassment, humiliation and mortification;

        e.    Medical expenses, past, present and future;
        f.    Such other damages as are allowable by Michigan law.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in favor of

Plaintiff and against the Defendant, in an amount that the jury or Court determines to be fair, just

and adequate compensation for the injuries and damages sustained by the Plaintiff.

Respectfully submitted,

LAW OFFICES OF TODD J. STEARN, P.C.

/s/ Todd J. Stearn
Todd J. Stearn (P51496)
Attorney for Plaintiff
29829 Greenfield Road, Ste. 101
Southfield, MI 48076
Dated:  February 23, 2021               (248) 744-5000/(248) 744-5002 Fax

LAW OFFICES OF TODD J. STEARN, P.C.

4



062S0007052041

$12.710
US POSTAGE
FIRST-CLASS
FROM 48076
MAR 23 2021
stamps
endicia

CERTIFIED MAIL

7020 3160 0000 1947 5733

DOLGENCORP LLC dba DOLLAR GENERAL
c/o CSC-Lawyers Incorporating Service Co
601 Abbot Rd Ste 1
East Lansing MI 48823-3366

Law Offices of Todd J Stearn PC
29829 Greenfield Rd Ste 101
Southfield MI 48076